UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>ALIANTE MASTER ASSOCIATION, *et al.*,<br><br>Defendants.<br>AND ALL RELATED CASES | Case No. 2:16-cv-00962-MMD-DJA<br><br>ORDER |

## I. SUMMARY

This case arises from a foreclosure sale of a property to satisfy a homeowners' association lien. Before the Court are two motions: (1) Plaintiff/Counter Defendant Bank of America, N.A.'s ("BANA") motion for partial summary judgment on its quiet title/declaratory relief claim and on Defendant/Counter Claimant Saticoy Bay LLC Series 3237 Perching Bird's ("Saticoy Bay") counterclaims (ECF No. 58); and (2) Defendant Aliante Master Association's ("HOA") motion for summary judgment on BANA's claims (ECF No. 57).[1] As further explained below, the Court finds that BANA's tender preserved its deed of trust, and will thus grant BANA's motion, and deny the HOA's motion. The Court will also order a response from the HOA as to the status of its crossclaims against Nevada Association Services, Inc. in light of this order.

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.[2]

---

[1]The Court has reviewed the parties' responses (ECF Nos. 60, 61, 62) and replies (ECF Nos. 63, 64).

[2]The Court takes judicial notice of the exhibits filed as ECF Nos. 58-1, 58-3, 58-4, 58-5, 58-6, as they are records from the Clark County Recorder's office. *See, e.g.*,

Michelle and Jeff Ritter ("Borrowers") purchased real property located at 3237 Perching Bird Lane, North Las Vegas, Nevada 89084 ("Property") within the HOA with a $170,848 loan ("Loan") in 2010. (ECF No. 58-1.) The Loan was secured by a first deed of trust ("DOT"). (*See id.*) Following an assignment, BANA is the beneficiary under the DOT. (ECF No. 58-3.)

The Borrowers failed to pay HOA assessments, and the HOA recorded the following notices through its agent, Defendant Nevada Association Services, Inc. ("NAS"): (1) a notice of delinquent assessment lien on July 8, 2011 (ECF No. 58-4); and (2) a notice of default and election to sell on August 29, 2011 (ECF No. 58-5).

On October 27, 2011, BANA's agent (the law firm of Miles, Bauer, Bergstrom & Winters, LLP ("Miles Bauer")) sent a letter to NAS asking it to identify the superpriority amount of the HOA lien.[3] (ECF No. 58-7 at 3, 6-7.) NAS did not respond. (*Id.* at 3.) BANA calculated the superpriority amount as $351 (the total of nine months of assessments) based on the ledger provided for a different property within the HOA and sent a check for that amount to NAS on December 1, 2011.[4] (*Id.* at 3, 9, 13-15, 17.) NAS returned the check to Miles Bauer. (*Id.* at 4, 9, 19.)

The HOA then proceeded with the foreclosure sale ("HOA Sale"). The HOA recorded a notice of foreclosure sale on July 2, 2014. (ECF No. 58-6.) The HOA sold the Property on July 25, 2014, to Saticoy Bay, for $33,000. (ECF No. 58-10.)

///

---

*Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201).

[3] BANA offers the affidavit of Adam Kendis ("Kendis Affidavit"), a paralegal with Miles Bauer, who authenticated Miles Bauer's business records and explained the information contained within Miles Bauer's records attached to his affidavit. (ECF No. 58-7.)

[4] The HOA's 30(b)(6) witness, Joshua Roser, testified at his deposition both that the amount of the monthly assessment owed on the Property was $39, and that there is no record of any maintenance or nuisance abatement fees having been assessed against the Property. (ECF No. 58-8 at 7, 9-10.) A ledger produced by NAS during discovery in this case says the same thing. (ECF No. 58-9.)

BANA asserts the following claims: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against the HOA and NAS; (3) wrongful foreclosure against the HOA and NAS; and (4) injunctive relief against Saticoy Bay. (ECF No. 1 at 6-13.) In its prayer for relief, BANA primarily requests an order declaring that Saticoy Bay purchased the Property subject to BANA's DOT. (*Id.* at 13-14.) Saticoy Bay asserts counterclaims against BANA for quiet title and declaratory relief. (ECF No. 11 at 5-6.)

The HOA asserts crossclaims against Defendant NAS for: (1) implied indemnity; (2) contribution; (3) apportionment; (4) express indemnity; (5) breach of contract; and (6) declaratory relief. (ECF No. 19 at 11-14.) The record does not reflect that NAS filed a response to these crossclaims.

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all

inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

**IV.     DISCUSSION**

BANA argues that it is entitled to summary judgment in pertinent part because its tender extinguished the HOA's superpriority lien. (ECF No. 58 at 6-9.) The Court agrees that BANA tendered the superpriority amount, will grant summary judgment to BANA on that basis, and declines to address the parties' remaining arguments.

In several recent decisions, the Nevada Supreme Court effectively put to rest the issue of tender. For example, in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev. 2018), *as amended on denial of reh'g* (Nov. 13, 2018), the Nevada Supreme Court

held "[a] valid tender of payment operates to discharge a lien or cure a default." *Id.* at 117. It reaffirmed "that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Id.* More recently, the Nevada Supreme Court held that an offer to pay the superpriority amount coupled with a rejection of that offer discharges the superpriority portion of the HOA's lien, even if no money changed hands. *See Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217, 1220-21 (2019). Even more recently, the Ninth Circuit weighed in to confirm the Nevada Supreme Court settled this issue—"the holder of the first deed of trust can establish the superiority of its interest by showing that its tender satisfied the superpriority portion of the HOA's lien," which "consists of nine months of unpaid HOA dues and any unpaid charges for maintenance and nuisance abatement." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019).

The Court finds that BANA proffered sufficient evidence such that its tender discharged the superpriority portion of the HOA's lien. (ECF Nos. 58-7, 58-8 at 7, 9-10, 58-9.) The HOA does not even respond to BANA's tender argument. (ECF No. 61.) And while Saticoy Bay contends that BANA's tender was ineffective because it did not include any maintenance or nuisance abatement charges (ECF No. 62 at 12-14), the undisputed evidence before the Court establishes that no maintenance or nuisance abatement charges were owed on the Property at the relevant time (ECF Nos. 58-8 at 7, 9-10, 58-9). This Court has also previously granted summary judgment to a plaintiff lending institution when it tendered an amount based on the assessments owed on another property within the same HOA. *See, e.g.*, *Bank of Am., N.A. v. Sunrise Ridge Master Homeowners Ass'n*, No. 2:16-cv-00467-MMD-CWH, 2019 WL 1245780, at *1 (D. Nev. Mar. 18, 2019). The Court will grant summary judgment to BANA based on its tender.

But the Court will briefly address several of Saticoy Bay's arguments. Saticoy Bay argues that BANA's tender must be recorded to be valid (to put third parties on notice), that it was a bona fide purchaser, and that BANA's letter accompanying the check for the superpriority amount contained impermissible conditions. (ECF No. 62 at 2-12.) These

arguments were rejected by the Nevada Supreme Court in *Bank of America*, 427 P.3d at 118-121. Further, the HOA's reasons for rejecting the offer do not figure into the Court's analysis. The fact of rejection, coupled with an offer to pay the superpriority amount, is sufficient to discharge the superpriority portion of the HOA's lien. *See Thomas Jessup*, 435 P.3d at 1220-21.

Saticoy Bay also challenges the evidence BANA offered to support its argument of tender. (ECF No. 62 at 16-18.) In particular, Saticoy Bay argues that the documents attached to the Kendis Affidavit are not property authenticated, contain inadmissible hearsay, and the Kendis Affidavit is not made based upon personal knowledge. (*Id.*) But the Court agrees with BANA it has presented admissible evidence to demonstrate that it tendered the superpriority amount, and the HOA rejected its tender. (ECF No. 64 at 8-10.) The Kendis Affidavit properly authenticated the documents offered and explained what the screenshot of Miles Bauer's case management notes reflects. Kendis need not have personal knowledge that NAS returned the check to attest that Miles Bauer's case management note reflects that the check was returned. And as noted, the HOA does not contend otherwise. Further, Saticoy Bay has not offered any admissible evidence to create a genuine issue of material fact regarding whether BANA tendered the check and NAS rejected it.

In sum, the Court finds that BANA has demonstrated entitlement to summary judgment on its first claim for relief and on Saticoy Bay's counterclaims based on BANA's tender.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that BANA's motion for summary judgment on its first claim for relief and on Saticoy Bay LLC Series 3237 Perching Bird counterclaims (ECF No. 58)

is granted. The Court declares that the HOA Sale did not extinguish the DOT, and therefore the DOT continues to encumber the Property.

It is further ordered that Aliante Master Association's motion for summary judgment (ECF No. 57) is denied.

It is further ordered that BANA's other claims are dismissed as moot because BANA has obtained the primary relief it sought in this case.

It is further ordered that Defendant Aliante Master Association file a status report with the Court within 7 days regarding the status of its crossclaims against Defendant Nevada Association Services, Inc., as it appears the HOA has not prosecuted the crossclaims. If the HOA does not intend to pursue its crossclaims, it must file a notice of dismissal within 7 days. The Court will then direct entry of judgment in accordance with this order.

DATED THIS 4th day of September 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE