UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| BANK OF AMERICA, N.A., | Case No. 2:16-cv-00962-MMD-DJA |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ALIANTE MASTER ASSOCIATION, *et al.*, | |
| Defendants. | |
| AND ALL RELATED CASES | |

This case arises from a foreclosure sale of a property to satisfy a homeowners' association lien. On September 4, 2019, the Court issued an order directing Cross Claimant Aliante Master Association (the "HOA") to either file a status report or notice of dismissal regarding its crossclaims against Nevada Association Services, Inc. ("NAS") by September 11, 2019. (ECF No. 69 at 7.) The HOA has done neither, nor has it otherwise responded to the Court's order. As further explained below, the Court will therefore dismiss the HOA's crossclaims against NAS without prejudice and direct entry of judgment in this case because the Court's prior order (ECF No. 69) resolved the other pending claims between the other parties to this case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856

F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation, and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to NAS, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action, and it is unclear if the HOA is even prosecuting these crossclaims against NAS. (ECF No. 69 at 7 ("it appears the HOA has not prosecuted the crossclaims.").) *See also Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson,* 779 F.2d at 1424. The Court's prior order ordered the HOA to file a status report or dismissal documents regarding its crossclaims against NAS within seven days because it appeared that the HOA had not prosecuted those crossclaims, and stated that the Court would direct entry of judgment after that seven day period. (ECF No. 69 at 7.) Thus, the HOA had adequate warning that dismissal of its crossclaims would

2

1 | result from its noncompliance with the Court's order to file a status report or dismissal
2 | documents.

It is therefore ordered that Cross Claimant Aliante Master Association's crossclaims against Cross Defendant Nevada Association Services, Inc. are dismissed without prejudice based on Cross Claimant's failure to file either a status report or dismissal documents in compliance with this Court's September 4, 2019 order.

The Clerk of Court is directed to enter judgment in accordance with both this and the Court's prior order (ECF No. 69 at 6-7), and close this case.

DATED THIS 13th day of September 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE